Electronically Filed
5/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

AUSE NO._____ C-1344-17-J

| | | |
|---|---|---|
| **LINO W. CANTU** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **MATTHEW LERSCH** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **\_\_\_ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

     Lino W. Cantu ("Plaintiff"), complains of Allstate Texas Lloyd's and Matthew Lersch (collectively "Defendants") and respectfully shows as follows:

## I.
## DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.    Plaintiff resides in Hidalgo County, Texas.

3.    Defendant Allstate Texas Lloyd's ("ALLSTATE") is a foreign surplus lines insurance company engaging in the business of insurance in Texas.  This defendant may be served with process through its registered agent C T Corporation System, 1999 Bryan St. Suite 900, Dallas TX 75201-3136.

4.    Defendant Matthew Lersch is an individual and an insurance adjuster licensed by the Texas Department of Insurance.  This Defendant is an Alabama resident and may be served with process

Electronically Filed
3/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1344-17-J**

through the Texas Secretary of State at the following address: 5509 Oak Park Ct., Mobile, AL

36609.

5.      The Clerk is requested to issue Citations.

## III.
## JURISDICTION

6.      Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding

interest and costs.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff

contends that the determination of damages is within the sole discretion of the Judge and Jury, but

makes stipulation as required by TEX.R.CIV.P. 47.

7.      The court has jurisdiction over Defendant ALLSTATE because this Defendant engages in

the business of insurance in Texas, and because Plaintiff's causes of action arise out of this

Defendant's business activities in Texas.

8.      The court has jurisdiction over Defendant LERSCH because this Defendant is a Texas

resident, because this Defendant engages in the business of adjusting insurance claims in Texas,

and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

9.      Venue is proper in Hidalgo County, Texas, because the insured property giving rise to this

cause of action is situated in Hidalgo County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

10.     Defendants have been provided notice, in writing, of the claims made by Plaintiff in this

petition, including Plaintiff's actual damages in the manner and form required.

11.     All conditions precedent necessary to maintain this action and the Claim under the Policy

have been performed, occurred, or have been waived by Defendants; and/or Defendants are

Electronically Filed
3/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1344-17-J**

otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

12.     Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 3305 North 23rd St., McAllen TX 78501 (the "Property").  The Property was insured by insurance policy number 229061993, issued by Defendant ALLSTATE (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

13.     On or about 8/19/2015, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy.  After the loss, Plaintiff made a claim (claim no. 0415955921) and demand for payment on Defendant ALLSTATE for damages to the Property and other damages covered by the terms of the Policy (the "Claim").  After Plaintiff made the Claim, Defendant ALLSTATE assigned or otherwise retained its employees and/or agents Defendant LERSCH to work on Plaintiff's Claim.   All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim.  Further, Defendant ALLSTATE has refused to pay all amounts due and owing under the Policy for the Claim.

14.     Defendant LERSCH made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendants LERSCH failed to fully quantify Plaintiff's damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendant LERSCH and relied upon by Defendant LERSCH.  The damage estimate failed to include all damages to Plaintiff's Property.  The damages Defendant LERSCH included in the estimate were

Electronically Filed
5/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

## C-1344-17-J

grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant LERSCH knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant LERSCH's conduct, Plaintiff's claim was underpaid and partially-denied.

15.    Defendant ALLSTATE failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant ALLSTATE refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant ALLSTATE's conduct constitutes a breach of the insurance contract between Defendant ALLSTATE and Plaintiff.

16.    All Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

17.    All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when ALLSTATE's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

18.    All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire

Electronically Filed
9/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1344-17-J**

loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

19. All Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

20. All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

21. Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant ALLSTATE's conduct constitutes a violation of TEX.INS.CODE §542.055.

22. Defendant ALLSTATE failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant ALLSTATE's conduct constitutes a violation of TEX.INS.CODE §542.056.

23. Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant ALLSTATE has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full

Electronically Filed
9/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-1344-17-J

payment for Plaintiff's claim. Defendant ALLSTATE's conduct constitutes a violation of TEX.INS.CODE §541.058.

24.     From and after the time Plaintiff's claim was presented to Defendant ALLSTATE, the liability of Defendant ALLSTATE to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant ALLSTATE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant ALLSTATE's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

26.     Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

27.     Defendant ALLSTATE is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

###     A.      Breach of Contract.

28.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant ALLSTATE. Defendant ALLSTATE breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant ALLSTATE's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the

Electronically Filed
5/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1344-17-J**

Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.  Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

29.  The conduct, acts, and/or omissions by Defendant ALLSTATE constituted Unfair Settlement Practices pursuant to TEX. INS. CODE. §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

30.  Defendant ALLSTATE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

31.  Defendant ALLSTATE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant ALLSTATE's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

32.  Defendant ALLSTATE's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

33.  Defendant ALLSTATE's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of

---

Electronically Filed
5/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1344-17-J**

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

34. Defendant ALLSTATE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

35. Defendant ALLSTATE's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant ALLSTATE refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C. Prompt Payment Of Claims Violations.

36. The Claim is a claim under an insurance policy with Defendant ALLSTATE of which Plaintiff gave Defendant ALLSTATE. Defendant ALLSTATE is liable for the Claim. Defendant ALLSTATE violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

  a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant ALLSTATE reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

  b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

  c) Delaying payment of the Claim following Defendant ALLSTATE's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

37. Defendant ALLSTATE's violations of these prompt payment of claims provisions of the

---

Case 7:17-cv-00187   Document 1-4   Filed in TXSD on 05/12/17   Page 9 of 29

Electronically Filed
3/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-1344-17-J

Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

38.     Defendant ALLSTATE breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant ALLSTATE knew or should have known that its liability to Plaintiff was reasonably clear.  Defendant ALLSTATE's conduct proximately caused Plaintiff injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST
## DEFENDANT LERSCH

39.     Defendant LERSCH is an insurance adjuster that was assigned or otherwise engaged by ALLSTATE to adjust the claim.

### A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

40.     The conduct, acts, and/or omissions by Defendant LERSCH, while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

41.     Defendant LERSCH is individually liable for unfair and deceptive acts, irrespective of the fact this Defendant was acting on behalf of Defendant ALLSTATE, because Defendant LERSCH is a "person" as defined by TEX.INS.CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."  TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the

Electronically Filed
3/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1344-17-J**

purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

42.     The unfair settlement practices of Defendant LERSCH, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

43.     The unfair settlement practices of Defendant LERSCH, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

44.     The unfair settlement practices of Defendant LERSCH, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(3).

45.     The unfair settlement practices of Defendant LERSCH, as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(4).

46.     The unfair settlement practices of Defendant LERSCH, as described above, in refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

---

Electronically Filed
3/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1344-17-J**

47.     The unfair settlement practices of Defendant LERSCH, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant LERSCH refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

48.     Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

49.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

50.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

51.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

52.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

---

Electronically Filed
3/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-1344-17-J

53.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

54.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

55.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

56.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

57.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-

Electronically Filed
3/24/2017 10:08:56 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-1344-17-J

judgment interest as allowed by law, and for any other and further relief, either at law or in equity,

to which Plaintiff may be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By:     */s/   William. T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

CAUSE NO. _____

| | | |
|---|---|---|
| **LINO W. CANTU** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **MATTHEW LERSCH** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ALLSTATE TEXAS LLOYD'S

**TO:**     Defendant Allstate Texas Lloyd's

Please answer these Requests for Production in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

**GREEN & BARTON**

By:     */s/   William. T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served on Defendant with Plaintiff's Original Petition in accordance with the Texas Rules of Civil Procedure.

/s/   *William. T. Jones, Jr.*
**WILLIAM T. JONES JR.**

## REQUESTS FOR PRODUCTION

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the Policy at issue for the date of loss as identified in the Petition; and
    b.  the Policy declarations page for the three (3) years preceding the Claim.

    **RESPONSE:**

2.  Produce underwriting files for all insurance policies for the Property identified in the Petition. This request is limited to the three (3) years preceding the Claim. To the extent Defendant contends that the underwriting file or documents older than three (3) years impact the damages or coverage, produce that underwriting file or document.

    **RESPONSE:**

3.  All documents reflecting the condition or damages of the Property or any insurance claim involving damage similar to that claimed in this suit on the Property identified in the Petition. This request does not seek work product.

    **RESPONSE:**

4.  The claim file and underwriting file for any wind and hail real property insurance claims made by the Plaintiff(s). To the extent Defendant contends that documents from any other claim impact the damages or coverage, produce that document.

    **RESPONSE:**

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

    **RESPONSE:**

6.  All formal written procedures, guidelines, or policies used to instruct, advise, guide, inform, educate, or assist provided to any person handling the Claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., a Texas hail and/or wind property damage claim, for the time period beginning (3) years preceding the Claim through the present.

    **RESPONSE:**

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

8.    All documents received (prior to litigation) from or on behalf of Plaintiff(s) or created by Plaintiff(s) related to the property damage made the basis of this lawsuit for the time period beginning (3) years preceding the Claim through the present. To the extent Defendant contends that any document older than five (5) years impacts the damages or coverage, produce that document.

**RESPONSE:**

9.    Produce a copy of all price lists used to prepare any estimates for the Claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

**RESPONSE:**

10.    To the extent Defendant created or altered any prices used in the preparation of an estimate in the Claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

**RESPONSE:**

11.    Documents in the personnel file related to claims handling performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the Claim made the basis of this Lawsuit, for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

12.    An organizational chart, diagram, or list reflecting each department, division, or section of Defendant's company to which the Claim made the basis of this Lawsuit was assigned.

**RESPONSE:**

13.    All Texas insurance licenses and/or certifications in effect that the time of Plaintiff(s)' Claim for the person who supervised the Claim made the basis of this Lawsuit.

**RESPONSE:**

14.    If an engineer and/or engineering firm evaluated the Properties, produce a list of all amounts paid to that engineer or engineering firm for work on Texas wind and hail claims from the three years preceding the Claim made the basis of this suit. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

**RESPONSE:**

---

15.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above from the three years preceding the Claim made the basis of this suit. A summary is acceptable in lieu of actual invoices or payments.

        **RESPONSE:**

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the Claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

        **RESPONSE:**

17.     All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation, and/or inappropriate actions which resulted in disciplinary action by Defendant against any person(s) or entity(ies) who inspected the property or made a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning three years before the date of loss of the Claim made the basis of this Lawsuit through the present.

        **RESPONSE:**

18.     All claims work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions for any person who directly inspected the property or made a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

        **RESPONSE:**

19.     The following insurance documents issued for the Property as identified in the Petition:
        a.      the Policy at issue for the date of loss as identified in the Petition; and
        b.      the Policy declarations page for the three (3) years preceding the Claim.

        **RESPONSE:**

20.     Produce underwriting files for all insurance policies for the Properties identified in the Petition. This request is limited to the three (3) years preceding the Claim. To the extent Defendant contends that the underwriting file or documents older than three (3) years impact the damages or coverage, produce that underwriting file or document.

        **RESPONSE:**

21.     All documents reflecting the condition or damages of the Property or any insurance claim involving damage similar to that claimed in this suit on the Property identified in the Petition. This request does not seek work product.

---

**RESPONSE:**

22.     The claim file and underwriting file for any wind and hail real property insurance claims made by the Plaintiff(s). To the extent Defendant contends that documents from any other claim impact the damages or coverage, produce that document.

**RESPONSE:**

23.     All requests for information to any third party about the Property, the Plaintiff(s), or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

24.     All formal written procedures, guidelines, or policies used to instruct, advise, guide, inform, educate, or assist provided to any person handling the Claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., a Texas hail and/or wind property damage claim, for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

25.     All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present. This request includes all documents obtained by way of deposition on written questions.

**RESPONSE:**

26.     All documents received (prior to litigation) from or on behalf of Plaintiff(s) or created by Plaintiff(s) related to the property damage made the basis of this lawsuit for the time period beginning (3) years preceding the Claim through the present. To the extent Defendant contends that any document older than five (5) years impacts the damages or coverage, produce that document.

**RESPONSE:**

27.     Produce a copy of all price lists used to prepare any estimates for the Claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

**RESPONSE:**

28.     To the extent Defendant created or altered any prices used in the preparation of an estimate

---

*Lino W. Cantu v. Allstate Texas Lloyd's*                                                           Page 6

in the Claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

**RESPONSE:**

29.    Documents in the personnel file related to claims handling performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the Claim made the basis of this Lawsuit, for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

30.    An organizational chart, diagram, or list reflecting each department, division, or section of Defendant's company to which the Claim made the basis of this Lawsuit was assigned.

**RESPONSE:**

31.    All Texas insurance licenses and/or certifications in effect that the time of Plaintiff(s)' Claim for the person who supervised the Claim made the basis of this Lawsuit.

**RESPONSE:**

32.    If an engineer and/or engineering firm evaluated the Properties, produce a list of all amounts paid to that engineer or engineering firm for work on Texas wind and hail claims from the three years preceding the Claim made the basis of this suit. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

**RESPONSE:**

33.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above from the three years preceding the Claim made the basis of this suit. A summary is acceptable in lieu of actual invoices or payments.

**RESPONSE:**

34.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the Claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

35.    All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation, and/or inappropriate actions which resulted in disciplinary action by Defendant against any person(s) or entity(ies) who inspected the property or made

a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

36.    All claims work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions for any person who directly inspected the property or made a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

37.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

38.    All contracts relating to adjustment and handling of claims in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the basis of the Lawsuit.

**RESPONSE:**

39.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the basis of the Lawsuit.

**RESPONSE:**

40.    All document retention policies for claims materials between Defendant and entity(ies) who handled the Claim made the basis of the Lawsuit, in effect at the time of Plaintiff(s)' Claim.

**RESPONSE:**

41.    To the extent the Claim involves rescinding of the Policy, policies and procedures regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

**RESPONSE:**

42.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

43.    All contracts relating to adjustment and handling of claims in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the

basis of the Lawsuit.

**RESPONSE:**

44.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the basis of the Lawsuit.

**RESPONSE:**

45.     All document retention policies for claims materials between Defendant and entity(ies) who handled the Claim made the basis of the Lawsuit, in effect at the time of Plaintiff(s)' Claim.

**RESPONSE:**

46.     To the extent the Claim involves rescinding of the Policy, policies and procedures regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

**RESPONSE:**

CAUSE NO. _____

| | | |
|---|---|---|
| **LINO W. CANTU** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **MATTHEW LERSCH** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ALLSTATE TEXAS LLOYD'S

**TO:**    Defendant Allstate Texas Lloyd's

Please answer these Interrogatories in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

**GREEN & BARTON**

By:    */s/   William. T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument has been served on Defendant with Plaintiff's Original Petition in accordance with the Texas Rules of Civil Procedure.

*/s/   William. T. Jones, Jr.*
**WILLIAM T. JONES JR.**

## INTERROGATORIES

1. Identify all persons, including job title, dates of employment, address, and a description of each individual's role in the Claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   **ANSWER:**

2. Identify all persons and/or entities who handled the Claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER:**

3. State the following concerning notice of Claim and timing of payment:
   a. The date and manner in which Defendant received notice of the Claim;
   b. The date and manner in which Defendant acknowledged receipt of the Claim;
   c. The date and manner in which Defendant commenced investigation of the Claim;
   d. The date and manner in which Defendant requested from the Plaintiff(s) all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiff(s);
   e. The date and manner in which Defendant notified the Plaintiff(s) in writing of the acceptance or rejection of the Claim;
   f. The date, reason for, and manner in which Defendant made any request for an additional 45 days to accept or reject the Claim;
   g. The date and manner in which you notified Plaintiff(s) of acceptance or rejection of coverage for all or any portion of Plaintiff(s)' Claim; and
   h. The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.

   **ANSWER:**

4. Identify each inspection of the Property made the basis of this Lawsuit for the period 3 years prior to the date of loss. To the extent Defendant contends that documents older than three (3) years impact the damages or coverage, produce that document:
   a. The name and job title of each person who inspected the Property;
   b. The date of each inspection;
   c. The purpose of each inspection; and
   d. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

   **ANSWER:**

5. If Defendant is aware of documents that are not in Defendant's possession that are related to the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or

entities in possession of those documents with last known addresses. This request does not seek work product.

**ANSWER:**

6. State all dates on which Defendant closed Plaintiff(s)' Claim and, to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s).

**ANSWER:**

7. If Defendant contends that Plaintiff(s) failed to provide proper notice of the Claim made the basis of this Lawsuit under either the Policy or the Texas Insurance Code, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.

**ANSWER:**

8. At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of which areas of the property (i.e., roof, interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, ALE, contents, and/or code upgrade) of the Policy upon which the Claim was paid or denied.

**ANSWER:**

9. Does Defendant contend that at the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiff(s) failed to protect the property from further damage or loss and make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

**ANSWER:**

10. At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), state whether the Plaintiff(s) failed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff(s) failed to do so, identifying any resulting prejudice caused to Defendant.

**ANSWER:**

11. At the time the Claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s), stating the date and manner in which the request was made to Plaintiff(s). If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiff(s) did not respond to and state whether Defendant denied any portion of the Claim based on Plaintiff(s)' failure

to respond.

**ANSWER:**

12. At the time the Claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the Policy? If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, including the extent to which such failure was relied upon to deny any portion of Plaintiff(s)' Claim.

**ANSWER:**

13. If you contend Plaintiff(s)' damages claimed in this lawsuit are the result of a prior insurance claim or prior unrepaired damage, please list all such prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any, and identify which prior claim or claims you contend pertain to such damage.

**ANSWER:**

14. Identify all exclusions under the Policy applied to the Claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

**ANSWER:**

15. To the extent Defendant utilized an estimating software and modified the manufacturer's settings with respect to Plaintiff(s)' Claim, identify those modifications.

**ANSWER:**

16. Identify all price lists used to prepare all estimates on the Claim made the basis of this Lawsuit, stating the manufacturer, version, date, and geographical area. For any price list developed by a third party vendor, identify any additions, deletions, alterations, or modifications made by Defendant, describing the change and purpose of the change for preparing an estimate on the Claim made the basis this Lawsuit.

**ANSWER:**

17. State whether any persons and/or entities who handled the Claim made the basis of this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by

Defendant for hail and/or windstorms in regards to the adjustment of this Claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

**ANSWER:**

18.   To the extent Defendant is aware, state whether the estimate(s) prepared for the Claim made the basis of this Lawsuit failed to identify, note, or document any Storm-related damage at the Property. If so, identify each item of damage that was not properly identified, noted, or documented.

**ANSWER:**

19.   To the extent Defendant is aware, state whether the estimate(s) prepared for the Claim made the basis of this lawsuit erroneously included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the Claim made the basis this Lawsuit.

**ANSWER:**

20.   To the extent Defendant is aware, state any violations of Texas Insurance Code Sections 541 or 542 that were discovered on this Claim during the claims handling process. This interrogatory does not seek work product.

**ANSWER:**

21.   To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating to the Claim made the basis of this Lawsuit that were discovered during the claims handling process. This interrogatory does not seek work product.

**ANSWER:**

22.   State the date Defendant first anticipated litigation.

**ANSWER:**

23.   Identify all evidence that may be used to impeach, by proof of final conviction of any felony or crime of moral turpitude, any witness, including any party witness, by stating the following identifying information, pursuant to Tex. R. Evid. 609:
    a.   the name of the accused;
    b.   the charged offense;
    c.   whether the crime was a felony or involved moral turpitude;
    d.   the date of final conviction; and
    e.   the style, case number, and county of the proceeding.

---

**ANSWER:**

24.     Identify any and all witnesses who is expected to be called to testify at trial pursuant
        to Rule 192.3(d) of the Texas Rules of Civil Procedure.

        **ANSWER:**

25.     If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or
        the Claim made the basis of this Lawsuit, state what specific misrepresentation(s)
        was/were made and the factual bases for your contention.

        **ANSWER:**